```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/2023____

            -against-

LIN MIAO,

                              Defendant.

15 Cr. 628 (AT)

**ORDER**

ANALISA TORRES, District Judge:

   Defendant, Lin Miao, a prisoner serving his sentence at FCI Mendota, Def. Mem. at 1, ECF No. 99, moves for a reduction of his term of imprisonment under the federal compassionate release statute codified at 18 U.S.C. § 3582(c)(1)(A), *see* Def. Mem. The Government takes no position on Miao's motion, but requests that, should the Court grant it, "the Court impose as an additional condition of . . . [D]efendant's supervised release that he remain on home confinement until April 14, 2024[.]" Gov't Resp., ECF No. 101. For the reasons stated below, the motion is DENIED without prejudice to renewal.[1]

## BACKGROUND

   In 2015, Miao was arrested for his involvement in a multi-million-dollar scheme to defraud mobile phone customers by placing unauthorized charges for premium text messaging services on the customers' cellular phone bills through a practice known as "auto-subscribing." On September 14, 2015, Miao pleaded guilty to three counts charged in an information: conspiracy to commit wire fraud and mail fraud, conspiracy to commit money laundering, and perjury. Dkt. Entry 9/14/2015; ECF No. 56–57; ECF No. 90 at 1.[2] On July 27, 2022, the Court

---

[1] Miao's request that any order requiring home confinement give "the supervising pretrial officer the discretion to allow . . . [him] to go to work [and] be able to care for his aging parents as needed" is DENIED as moot. ECF No. 102.

[2] On January 30, 2018, this action was reassigned from the Honorable Valerie E. Caproni to the Honorable Katherine B. Forrest. Dkt. Entry 1/30/2018. On September 13, 2018, this action was reassigned to the undersigned. Dkt. Entry 9/13/2018.

sentenced Miao to eighteen months for each count to be served concurrently in prison, and two years of supervised release for each count to be served consecutively. ECF No. 90 at 2–3. The Court also imposed a fine of $500,000. *Id*. at 6.

Miao began his sentence at FCI Mendota on February 6, 2023. Def. Mem. at 1; ECF No. 94 (granting second request to extend Miao's surrender date). His release date is April 4, 2024.[3] On April 21, 2023, the Court granted Miao's request that the Court "recommend to the [BOP]" that he serve twelve months of his sentence in a residential reentry program pursuant to 18 U.S.C. § 3624(c)(l). ECF No. 98 at 2. Miao states that the BOP did not follow the Court's recommendation due to budget constraints and because "there is no halfway house in the Bakersfield[, California,] area" near Miao's family. Def. Mem. at 1–2. Miao submitted "requests for [c]ompassionate [r]elease to the warden" on May 12 and 15, 2023. *Id.* at 6; *see also* ECF No. 99-1 at 12–13.

On June 15, 2023, Miao filed his motion for early release, which details his mother's and stepfather's serious health issues, as well as the difficulties Miao's fiancée has endured due to his absence. *See generally* Def. Mem. Miao states that, on a call with his mother on May 14, 2023, he learned "that her doctor just discovered that she had a relapse of her kidney cancer," and that his stepfather "had been informed by his doctor that he had less than a year to live." Def. Mem. at 2. Miao's mother is sixty-nine years old, has type 2 diabetes, and suffers from bladder and kidney cancer. *Id.*; *see also id.* (describing "a host of other medical conditions"). Miao's stepfather, who is eighty-seven years old, has "prostate cancer, skin cancer, brain compression, a [trau]matic brain injury[,] and brain bleeding," which has left him bedridden. *Id.*; *see also* ECF No. 99-1 at 4. Miao's mother currently cares for his stepfather, ECF No. 99-1 at 4, but, given

---

[3] The parties' submissions reflect different release dates for Miao. *Compare* Def. Mem. at 1, *with* Gov't Resp. On July 14, 2023, the parties advised the Court via email that the correct release date for Miao is April 4, 2024, which is consistent with the Bureau of Prisons' ("BOP") website, https://www.bop.gov/inmateloc/.

"her own serious medical condition[s]," she "is incapable of acting as her husband's caregiver." Def. Mem. at 6. Medical records submitted with Miao's motion for early release confirm these diagnoses. ECF No. 99-1 at 1–3, 6–9. The couple lives alone in West Valley City, Utah. *Id.* at 13.

Miao states that he is his mother's only son and claims that he is "the only one [who is] capable [of] car[ing] for both his mother and stepfather." Def. Mem. at 2.

In addition, Miao notes that his fiancée is struggling to keep their family business afloat, care for their two children, and maintain financial stability. *Id.* at 3; ECF No. 99-1 at 10. By letter dated May 16, 2023, Miao's fiancée states that their main retail store has closed, she had to fire the majority of the business's employees, and that their family has experienced a series of financial difficulties, including loss of health insurance and child care. ECF No. 99-1 at 10–11. She also writes that she has been suffering with anxiety. *Id.* at 11.

## DISCUSSION

I. <u>Legal Standard</u>

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Thus, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Miao must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct; [and]
>     (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

The Court finds, and the parties do not dispute, that Miao has exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A); Def. Mem. at 6; Gov't Resp. Therefore, the Court only addresses whether he has stated an extraordinary and compelling reason for release, and whether that reason is outweighed by the § 3553(a) factors.

II. Application

A. Extraordinary and Compelling Reason

The United States Sentencing Commission has defined "extraordinary and compelling reasons" at U.S.S.G. § 1B1.13, cmt. n.1. *See United States v. Phillibert*, 557 F. Supp. 3d 456, 459 (S.D.N.Y. 2021). The definition, as relevant, states that extraordinary and compelling reasons for modification exist for family circumstances when there is "death or incapacitation of the caregiver of the defendant's minor child or minor children . . . [or] incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii) (cleaned

4

up). The Second Circuit recently clarified, however, that where, as here, a motion for compassionate release is brought by a defendant, rather than by the BOP, Guideline Section 1B1.13 is "not applicable." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) (quotation marks omitted). Accordingly, the Court is empowered to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release," and is not bound by Guideline Section 1B1.13. *Id.* at 237.

Miao argues that, given his mother's and stepfather's declining health, the lack of an available caregiver for them is an "extraordinary and compelling" reason for early release. He contends that his mother's health is rapidly deteriorating because she, in her frail state, is the only person taking care of her husband. Def. Mem. at 6 ("[I]n helping her husband avoid repeated falls, [Miao's mother] had three falls of her own, injuring her back and leg, which resulted in complications . . . for which she is currently waiting for surgery."); *see also* ECF No. 99-1 at 13. Miao's mother states in a letter that "hiring an in-home nurse or placing [her husband] in a nursing home is outside of [their] financial ability." ECF No. 99-1 at 4. In an email to the warden at FCI Mendota dated May 15, 2023, Miao notes that he is his mother's only son, he is her "health care power of attorney," and that he is "worr[ied] that, if [his stepfather] passes within the next few months[,] that" his mother will have "no one to take care of her[.]" *Id.* at 13. Miao adds that his mother's "family is in China." *Id.* As for Miao's stepfather, he "does not have other family members who can provide care for him." Def. Mem. at 6. Miao "represent[s] that," if released, "he would move his stepfather into a nursing home facility and he would move his mother from Utah to his home in Bakersfield so that he can take care of her." *Id.*

Courts in this District have granted modified sentences in light of familial circumstances, including the need to act as a caregiver, as they can constitute extraordinary circumstances. *See*

5

*United States v. Dones*, No. 19 Cr. 169, 2022 WL 354679, at *3 (S.D.N.Y. Feb. 7, 2022) (citations omitted) (finding defendant had demonstrated that his brother's health, lack of a suitable caregiver, and the unforeseeability of these circumstances at the time of defendant's sentencing collectively constituted an "extraordinary and compelling" circumstance); *See United States v. Hasanoff*, No. 10 Cr. 162, 2020 WL 6285308, *4–6 (S.D.N.Y. Oct. 27, 2020) (finding defendant had "demonstrated that his mother require[ed] constant care and that [defendant] himself [was] the only available caregiver," and combined with his "extraordinary rehabilitation," there were extraordinary and compelling reasons favoring release).

The Court finds that Miao has established that his parents' health is dire and that he is his parents' only adequate familial caregiver. Although "[i]t is true that illness of a close family member would not weigh in favor of [providing a sentence reduction for] every incarcerated person," *United States v. Rengifo*, 569 F. Supp. 3d 180, 196 (S.D.N.Y. 2021), the Court determines that the circumstances in this case constitute the "rare case in which familial circumstances are extraordinary and compelling." *Dones*, 2022 WL 354679, at *3.

Upon consideration of all the relevant evidence, the Court concludes that Miao's parents' health and lack of a suitable caregiver constitute an "extraordinary and compelling" circumstance.[4] Whether this circumstance warrants a sentence reduction depends on the Court's consideration of the Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A).

    B.  Section 3553 Factors

Next, the Court must weigh the factors listed in 18 U.S.C. § 3553(a), the same factors the Court considers whenever imposing a sentence. "[T]he Court may reduce the sentence if such a reduction would be consistent with the Section 3553(a) factors." *Dones*, 2022 WL 354679, at *6

---

[4] Because the Court finds that this is an extraordinary and compelling circumstance, the Court need not address Miao's arguments concerning his fiancée.

(citation omitted).  Miao states that he "has not had any BOP [d]isciplinary [a]ctions since being incarcerated." Def. Mem. at 7.

The Court does not find that Miao's submission explains why a reduction of his sentence would be consistent with the Section 3553(a) factors.  *United States v. Marmolejos*, No. 19 Cr. 626, 2021 WL 807128, at *4 (S.D.N.Y. Mar. 3, 2021) ("The Court's assessment of the just sentence today remains unchanged.").  The Court concludes, therefore, that the Section 3553(a) factors disfavor Miao's release at this time.

## CONCLUSION

Miao's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is DENIED without prejudice to renewal.  The Clerk of Court is directed to terminate the motions at ECF Nos. 99 and 102.

SO ORDERED.

Dated: July 20, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge