USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/2023____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          -against-

LIN MIAO,

                          Defendant.

15 Cr. 628 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On June 15, 2023, Defendant, Lin Miao, a prisoner serving his sentence at FCI Mendota, moved for a reduction of his term of imprisonment under the federal compassionate release statute codified at 18 U.S.C. § 3582(c)(1)(A). ECF No. 99. On July 20, 2023, the Court denied Miao's motion without prejudice to renewal (the "Order"). Order, ECF No. 103. On July 27, 2023, Miao filed a renewed motion for compassionate release, requesting that the Court "issue an amended judgment imposing [a sentence of] time[]served and ordering his immediate release, followed by six years of supervised release with the added condition that he remain in home confinement through April 4, 2024."[1] Def. Mem. at 6, ECF No. 104; ECF Nos. 107–08. Miao also requests that the Court "give his supervising probation officer the discretion to allow [him] to leave his residence as necessary for work and to care for his parents." Def. Mem. at 6; ECF No. 107. The Government, as it did with Miao's first motion, "take[s] no position on the motion for early release." ECF No. 106 at 1; *see also* ECF No. 101. For the reasons stated below, the motion is DENIED.

---

[1] Miao began his sentence on February 6, 2023, and, as of July 20, 2023, his release date was April 4, 2024. Order at 2 & n.3. According to the Bureau of Prisons' ("BOP") website, his release date is now March 25, 2024. https://www.bop.gov/inmateloc/.

## DISCUSSION[2]

I. <u>Legal Standard</u>

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Thus, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Miao must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct; [and]
>     (C) to protect the public from further crimes of the defendant . . . .
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;

---

[2] The Court presumes familiarity with the facts and procedural history as detailed in the Order, *see* Order at 1–3, and, therefore, does not summarize them here.

    (5) any pertinent policy statement[;]

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

II.    Application

The Court previously found that Miao exhausted his administrative remedies and that he stated an extraordinary and compelling reason for release, but that his submission did not explain why a reduction of his sentence would be consistent with the Section 3553(a) factors. Order at 4–7. The Court shall now consider the Section 3553(a) factors as applied to Miao's renewed application. *United States v. Dones*, No. 19 Cr. 169, 2022 WL 354679, at *6 (S.D.N.Y. Feb. 7, 2022) ("[T]he Court may reduce the sentence if such a reduction would be consistent with the Section 3553(a) factors." (citation omitted)).

In his renewed motion, Miao requests "a modification to allow him to serve the remainder of his sentence in home confinement so that he can care for his parents." Def. Mem. at 1. He argues that "the Court need not reweigh the [Section] 3553(a) factors or conclude they have changed since [his] sentencing[,]" "it can adopt the prior Section 3553(a) analysis as to the length of the appropriate sentence and simply modify the location of incarceration to account for the extraordinary and compelling circumstances at issue." *Id.* at 2 (emphases omitted). The Government notes that, although the Court does not have the authority to grant such relief, it can reduce Miao's sentence pursuant to § 3582(c)(1)(A). ECF No. 106 at 1 (citing 18 U.S.C. § 3624(c)). Miao has "clarif[ied] that both his original motion and renewed motion were brought under . . . § 3582(c) . . . . [and that] [h]e has never moved for relief under 18 U.S.C. § 3624, which . . . does not apply in this context." ECF No. 107. He states that his "point about the

3

length of his term was simply that his requested reduction under [S]ection 3582(c) will result[—]as a practical matter[—]in substituting home confinement for prison confinement." *Id.*

Miao argues that "substantial post-offense rehabilitation . . . supports his requested modification." Def. Mem. at 2–3. By letter dated July 23, 2023, Miao expresses his remorse for his actions and states that he "want[s] to do everything [he] can to help" his mother and stepfather. ECF No. 104-1 at 1–2. He contends that the purpose of Section 3553(a)(2), that the sentence imposed "account for the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public . . . can be accomplished with home confinement." Def. Mem. at 3. Miao states that he "actively participates in First Step Act programming, has maintained prison employment as a dishwasher, and has not committed any disciplinary violations." *Id.*; *see also* ECF No. 104-1 at 3. Miao notes that, "[g]iven his excellent conduct, and based on his First Step Act credits, he is likely to be granted early release to a residential reentry center in December 2023." Def. Mem. at 3. Miao argues that Sections 3553(a)(3) through (a)(6) weigh in his favor. *Id.* at 4–5. Miao contends that Section 3553(a)(7) weighs in his favor because he "can increase his ability to make restitution payments . . . and begin those payments sooner than if he remains in a BOP facility." *Id.* at 5.

Miao's submission is not properly characterized as a motion for compassionate release. Miao casts the deficiencies in his renewed submission as a question of practicality, ECF No. 107, but his papers repeatedly state that "he is not asking for an overall reduction in the length of [his] term [of imprisonment], but only for a change in where it is served." Def. Mem. at 4; *see also id.* at 1–2, 6. The Court lacks authority to allow Miao to finish the remainder of his sentence in home confinement. 18 U.S.C. § 3624(c). Further, Miao is wrong that "the Court need not reweigh the [Section] 3553(a) factors or conclude they have changed since [his] sentencing."

Def. Mem. at 2. However, the Court shall evaluate whether Miao's motion and papers support his requested relief.

The Court concludes, as it did in the Order, that the Section 3553(a) factors counsel against granting the requested relief. Miao has served about six months of his eighteen-month sentence. Miao's current release date, which amounts to approximately thirteen and a half months, accounts for good time credits. The Court acknowledges Miao's efforts to maintain good behavior while he serves his sentence. But that, by itself, does not warrant a sentence reduction. Order at 7. Although the Court agrees that the goals of Section 3553(a)(2) may be met through home confinement, on balance, the other Section 3553(a) factors do not weigh in favor of Miao's early release. *United States v. Marmolejos*, No. 19 Cr. 626, 2021 WL 807128, at *4 (S.D.N.Y. Mar. 3, 2021).

## CONCLUSION

Miao's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 104.

SO ORDERED.

Dated: August 8, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge